## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

ASHLEY BURNS, and NORMAJEAN
BOWDEN, individually and on behalf of all
others similarly situated,

     Plaintiffs,

                                     Case No:

  v.

PILOT CORPORATION and PILOT
TRAVEL CENTERS LLC, d/b/a PILOT
TRAVEL CENTER and PILOT FLYING J,

     Defendants.

_____.

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT FOR OVERTIME WAGES

Plaintiffs, ASHLEY BURNS and NORMAJEAN BOWDEN Plaintiffs, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, sues Defendants, PILOT OIL CORPORATION and PILOT TRAVEL CENTERS LLC, d/b/a PILOT TRAVEL CENTER and PILOT FLYING J (hereinafter as "Pilot" and/or "Defendants") for violations of the FLSA pursuant to 29 U.S.C. 216(b), of the Fair Labor Standards Act (the "FLSA") and states as follows:

### INTRODUCTION

1.      Defendants in this case have willfully FAILED to pay overtime wages to all hourly paid, non-exempt employees working under 24 or more job titles, including but not limited to: Assistant Manager, Cashier, Guest Services Manager, Shift Leader, Shift lead Guest Services, Customer Service, Lead Cashier, Customer and Retail Sales Specialist, Food Service Workers, Food Service Manager, Fast Food Team Member, Customer Service Representative, Customer

Service Associate, Shift Manager, Customer Service Manager, Lead Maintenance, Sales Associate, Customer Service Cashier, Production Team Member, Guest Services Specialist, Restaurant Leader Service Manager, Guest Services Manager and by several common and unlawful pay practices which amount to a scheme to avoid their obligations to pay their employees overtime premiums as obligated and mandated under the nations wage law, the Fair Labor Standards Act (FLSA)..

2.      Defendants operate under several fictitious business names including Flying J and Pilot Travel Center, operating 790 locations in 44 of 50 states and jointly employ over 19,000 employees by their own admission.

3.      It is not a mere coincidence that Defendants continue to subject employees to one or more of the same unlawful pay practices that it faced in a prior case: **TAYLOR V. PILOT CORP**; CASE NO.2:14-cv-02294-SHL-tmp, and which resulted in a settlement on August 10 2018, for the gross sum of **$1,798,525.00**.  That case involved hourly paid cashiers, shift leads and team leads who also were subjected to automatic meal break deductions and not taking bona fide meal breaks as defined in the FLSA and otherwise working off the clock.

4.      Plaintiffs herein commence this legal action against Defendants for willful violations of federal wage and hour laws by and related regulations on behalf of all similarly situated current and former employees of Defendants who worked anytime in the preceding three (3) years to the present and continuing.

5.      Pursuant to national, common policies and practices, Plaintiffs and the class of similarly situated current and former hourly paid non-exempt employees (hereinafter "HPNE") means and includes any employee of Defendants working under the various job titles of:  Assistant Manager, Cashier, Guest Services Manager, Shift Leader, Shift lead Guest Services, Customer

Service, Lead Cashier, Customer and Retail Sales Specialist, Food Service Workers, Fast Food Team Member, Customer Service Representative, Customer Service Associate, Shift Manager, Customer Service Manager, Lead Maintenance, Sales Associate, Customer Service Cashier, Production Team Member, Guest Services Specialist, Restaurant Leader Service Manager, Guest Services Manager.

6.      Indeed, just examining the complaint in Taylor v. PILOT, Defendants knew of a history of the unlawful pay practices complained of in this complaint had been going, and had knowledge of a history of off the clock work and other unlawful policies and practices in its locations at the time of the settlement in Taylor in 2018.

7.      However, after the Taylor Settlement, which is public record, it was "business as usual," permitting hourly paid, non-exempt employees to suffer to work off the clock and being subjected to non-bona fide meal breaks and the unlawful practice of auto deducting 30-minute meal breaks from employees without the opportunity to claim this time.

8.      Plaintiffs, and the class of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendants' pay practices are not only clearly unlawful, but UNFAIR as well.

9.      In this pleading, "Defendants" means the named Defendants and any other subsidiary or affiliated and wholly owned corporation, organization or brand name of any business operated by Defendants who may be responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

10.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion.  Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331, because this action involves a federal question under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b).

12.     This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201

and 2202.

13.     This Court has General personal jurisdiction over the Defendants and all resident

and non-resident Plaintiffs, because the Defendants continuously conduct substantial business

from their corporate offices located at 5508 LONAS DRIVE, KNOXVILLE, TN 37909-3221, and

where Defendants direct the work of Plaintiffs as well as where the violations of the FLSA

occurred from.

14.     Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the

Defendants' corporate offices are in this District, where a substantial part of the events giving rise

to the FLSA claims occurred from.

## THE PLAINTIFFS

15.     Plaintiff, ASHLEY BURNS resides in Okeechobee, Florida.  She was hired by

Defendants in December 2017, as HPNE, under the job title of Assistant Manager, working at the

Okeechobee Travel Center #96 in Okeechobee, Florida, located at 3051 State Road 60

Okeechobee, FL 34972 until the separation from employment on or about October 22, 2022.

16.     Plaintiff NORMAJEAN BOWDEN was employed as a HPNE working for

Defendants from the same Okochobee, Florida Travel Center location as a Cashier, from

November 2021 until on or about October, 2022.  She is also a Florida resident.

17.    Plaintiffs were both required to wear electronic listening devices or headsets (headphones) at all times while in or at the store, and including during break times.

18.    Plaintiffs were instructed by Defendants not to leave the premises during meal breaks; said differently, Plaintiffs were instructed to stay on the premises during meal breaks, with their headsets/headphones turned ON and actively be available while on all breaks.

19.    Plaintiffs were also not provided 2, 15-minute paid breaks during their 8 hour work shifts.

20.    The primary duty and function of the Assistant Manager and the Cashier is to attend to customers, operate the cash register, and provide customer service as needed during their shifts.

21.    Plaintiffs routinely worked overtime hours throughout their employment terms.

22.    Plaintiffs both had overtime hours edited or shaved off from time records by Defendants managers.

23.    Plaintiffs both routinely took less than 30-minute meal breaks but the Defendants would then go into the time records and round their meal breaks to 30 minutes; or if they were unable to take a meal break, automatically add in a 30 minute meal break the managers knew Plaintiffs had not taken.

24.    During meal breaks, Plaintiff Bowden would at times continue to stay in the customer facing areas, including the desk area rather than go behind secured employee only doors into a break room.

25.    On numerous occasions, Plaintiffs were instructed by their superiors to commence work even before they could clock or punch in on the time tracking system.

26.    Plaintiff Burns at times had to stay at the travel center off the clock until the next shift arrived.

27.     Plaintiff Burns, also under the express instructions of the General Manager, completed required testing at home on her computer for new employees, the time which was off the clock and unpaid.

28.     At no time did Defendants have any meeting and explain to Plaintiffs what a "bona fide" meal break was, or otherwise inform them that during a meal break they must be and should be 100% completely relieved of all work activity and obligations, and should be free to leave the travel center and turn off their headsets/headphones.

29.     Both Burns and Bowden learned that their superiors and the GM had edited their time sheets, and removed work hours, including overtime hours without informing them of the act or explaining the reasons for it.

30.     At all times material, Plaintiffs were employees of Defendant during the term of their employment as contemplated by 29 U.S.C. § 203.

31.     Defendants classified Plaintiffs and all others similarly situated as non-exempt, hourly paid employees.

32.     Plaintiffs were either scheduled for 4 10 hours shifts of 5 8-hour shifts.

33.     During the night shift, which both Plaintiffs worked at times during their employment, there was limited staff, sometimes just the 1 Assistant Manager and 1 Cashier or the 2 plaintiffs working.

## DEFENDANTS PILOT CORPORATION AND PILOT TRAVEL CENTERS LLC

34.     Defendant, PILOT CORPORATION (hereinafter Defendant and/or "PILOT"), is a TENNESSEE for profit Corporation, with principal place of business is at 5508 LONAS DRIVE, KNOXVILLE, TN 37909-3221, and at all times material hereto, has routinely and consistently conducted business in 44 states as directed by and from its managers, directors and officers located

here. Defendant may be served through its Registered Agent for service of process, CT Corporation System, at 300 MONTVUE RD, KNOXVILLE, TN 37919-5546 or at its corporate office.

35.     Defendant, PILOT TRAVEL CENTERS LLC (hereinafter Defendant and/or "PILOT"), is a TENNESSEE for profit Corporation, with principal place of business is at 5508 LONAS DRIVE, KNOXVILLE, TN 37909-3221, and at all times material hereto, has routinely and consistently conducted business in 44 states as directed by and from its managers, directors and officers located here. Defendant may be served through its Registered Agent for service of process, CT Corporation System, at 300 MONTVUE RD, KNOXVILLE, TN 37919-5546 or at its corporate office.

36.     As stated by Defendants on their own website, Defendants they are the "Today, Pilot Company is the 7th largest privately-held company in America" and "Pilot Flying J is the largest operator of travel centers in North America with more than 750 locations in 44 states and six Canadian provinces. Headquartered in Knoxville, Tennessee, the company employs more than 28,000 people. CEO Jimmy Haslam has embraced technology and moved Pilot Flying J in new directions, leading the company's growth from 1.1 billion fuel gallons sold in 1996 to more than 7 billion sold annually today. Pilot Flying J serves more than 1.6 million guests a day and is committed to connecting people and places with comfort, care and a smile at every stop."

37.     Defendants clearly and without dispute have revenues greater than $500,000 individually and jointly, and are individually and jointly, Employers under the FLSA and "Joint Employers" of Plaintiffs and the putative class of similarly situated.

38.     Defendants are a direct competitor of Racetrack, Circle K, Luv's and other similar combined convenience stores and gas stations across the U.S.

39. Defendants had a duty to have investigated, studied, audited, and assessed its pay practices for compliance with the FLSA, and at all times material had a duty to ask and determine whether the pay practices complained of were occurring, but if they failed to do so, Defendants have engaged in a willful violation of the FLSA and lack any good faith defense under the FLSA to the obligation to pay all past unpaid damages, liquidated damages over a three (3) year statute of limitations for their FLSA violations.

40. Defendants operate their businesses as a single, integrated business enterprise from their corporate office, and jointly direct the work of the Plaintiffs, created the policies complained of herein, and by definition are "joint employers" of Plaintiffs and all the hourly paid non-exempt employees (HPNE) working at their 790 US locations.

## FACTUAL AND COLLECTIVE ALLEGATIONS

41. This collective action arises from longstanding and continuing wrongful schemes and unlawful pay practices by Defendants to increase profits by decreasing labor costs by the following policies and practices: a) maintaining unlawful meal break policies which included subjecting all HPNE to less than bona fide meal breaks and unpaid overtime wages and automatically deducting 30 minute meal breaks even when the employee did not take any or all of this break; b) subjecting employees to work off the clock work; and c) by willfully and deliberately shaving and editing time records to remove overtime hours worked without notifying employees.

42. Plaintiffs brings this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

**All persons working as hourly paid employees of Pilot Corp, and Pilot Travel Centers LLC, under any of their brands or business names they operate under including but not limited to Flying J and Pilot Travel Centers, and who worked under any of the following hourly paid, non-exempt positions or titles: Cashier, Assistant Manager, Guest Services Manager, Shift Leader, Shift Lead, Shift Lead Guest Services, Customer Service, Lead Cashier, Customer**

**and Retail Sales Specialist, Food Service Worker, Fast Food Team Member, Food Service Supervisor, Customer Service Representative, Customer Service Associate, Shift Manager, Customer Service Manager, Lead Maintenance, Sales Associate, Customer Service Cashier, Production Team Member, Maintenance worker, Guest Services Specialist, Restaurant Lead Service Manager, Guest Service Manager or any other title used to describe hourly paid employees who are currently employed or were previously employed within the past three years preceding the filing of this lawsuit to the present anywhere in the U.S. and its territories.**

43.     Plaintiffs are able to protect and represent the Collective or putative Class, and they are willing and able, and consent to doing so.   Plaintiffs Burns and Bowden also worked in one of Defendant's locations called "travel centers" and are familiar with their pay practices, the company policies and procedures going back to 2021.

44.     Plaintiffs have worked more than forty (40) hours in numerous workweeks throughout their terms of their employment with Defendant, but were not paid time and one half for all these hours over 40 in each and every workweek (overtime)..

45.     Defendants required Plaintiffs to work either 5 8-hour day shifts, or 4, ten hour r day shifts, with the opportunity to take up to a 30 minute meal break.

46.     At all times material to this Complaint, based upon: (a) Defendants' policy or practice of regularly making deductions for purported meal breaks despite Plaintiff and the others similarly situated employees not actually taking bona fide meal breaks; and/or (b) Plaintiff and/or the other similarly situated employees performing off the clock work for Defendants ;and c) Defendants' practice of editing and shaving off hour, Defendants failed to compensate Plaintiff and similarly situated persons properly for all overtime hours worked.  Defendants' failure to compensate Plaintiff and the similarly situated current and former employees in the Asserted Class constitutes a willful violation of the FLSA.

47. Each day, Defendants' policy permitted each HPNE a standardized one-half hour meal break, for which they were to clock in and out for.

48. However, Plaintiff came to learn after the fact that when they took less than a 30-minute meal break, Defendants rounded their meal breaks up to 30 minutes.

49. Further, if Plaintiffs failed to take a break simply because there was not time and they were short on staff to cover their positions, Defendants automatically inputted and deducted 30 minutes from their day.

50. As an Assistant Manager and a key carrier, during the night shift, plaintiff was the only key carrier, and had to routinely perform work during this 30-minute meal break, and assist customers and cashiers.

51. Defendants did not permit Plaintiff the ability to clock back in during these work-related activities while on meal breaks, which were the norm and routine each day such that Burns never had a bona fide, uninterrupted, nonworking and completely relieved of work bona fide meal break on any day.

52. Similarly, Plaintiff Bowden, at times was the only cashier, and even while on break was commanded and required to perform work routinely during this break time.

53. Plaintiffs' job duty was thus to be in the stores at all times, during meal breaks, and to listen in on the headsets, another work activity which did not provide the means to be 100% relieved of all work activity during the meal breaks.

54. Defendants never explained to Plaintiffs that under the FLSA, a bona fide meal break is at least 30 minutes of non-working, uninterrupted and complete work disconnected break, free to do what they want and free to leave the premises, and the failure to provide this bona fide

meal break entitled them to be paid all this time back as compensable, on the clock time, and thus some or all of this time is unpaid overtime hours.

55. Plaintiffs did not understand that being required to be actively listening on the headsets, being required to be in the store and to answer and respond as needed during meal breaks meant Defendant maintained an unlawful FLSA policy, and was violating the FLSA.

56. Defendants, through their managers and HR staff, knew this was a company policy which resulted in Plaintiffs and all other similarly situated HPNE incurring non bona fide meal breaks, and thus unpaid overtime hours.

57. Similarly, Burns and Bowden discovered after the fact that Defendants' managers were editing their time records, shaving or editing off overtime hours, adding in 30-minute meal breaks when not taken.

58. Upon information and belief, these unlawful pay practices complained of were created and instituted by the corporation and by officers, and managers on a corporate level, and then carried out and enforced by the general managers at each travel center across the U.S.

59. Defendant failed to provide any mechanism and real opportunity for Plaintiffs and all others HPNE to claim the times they worked through or during any part of the 30-minute meal breaks, and thus, defendants instituted and maintained an unlawful policy and pay practices.

60. Defendants maintained a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked for HPNE and willfully refusing to provide bona fide meal breaks which results in up to 30 minutes to 2.5 hours per week of unpaid overtime hours being stolen from their employees.

61. Upon information and belief, all Travel Center Locations are run and managed by a General Manager, and staff numerous HPNE in the same positions as those identified herein.

62.     Plaintiffs, and all other similarly situated employees are currently or have previously been covered under FLSA §207.

63.     Pursuant to FLSA §207, Defendants, as the employer of Plaintiffs and other similarly situated HPNE, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week, and pay them back for each and every non-bona fide meal break taken.

64.     Defendants also are fully aware that employees work through or during meal breaks, come in early and stay late while off the clock, and as well the actions of managers editing and shaving off even 1 minute of time from an hourly-paid employees's time records is 100% unlawful and a willful violation of state and federal wages laws, including the FLSA.

65.     Defendants were also fully aware that the nature of the night shifts and limited labor staff at their travel center locations required HPNE to perform work during meal breaks, and without any policy to claim this time.

66.     Upon information and belief, all of the pay practices and unlawful policies complained of herein apply and have occurred at each of Defendants 790 locations across the U.S.

## COUNT I
## VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION
## PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

67.     Plaintiffs allege and incorporate by reference paragraphs one (1) through one Sixty-Six (66) of this Complaint and fully restate and reallege all facts and claims herein as if fully stated.

68.     Defendants have willfully and intentionally engaged in a common company pattern and pay practice of violating the provisions of the FLSA by failing to pay all hourly paid nonexempt employees (HPNEP) under the various job titles identified in this complaint, the required overtime wages for all hours worked.

69. Plaintiffs, and all other HPNE routinely performed work during the 30-minute meal breaks such that all this time must be and should have been counted as compensable work hours, including overtime hours during any workweek that Plaintiff and all others similarly situated, would have reached 40 hours with this time.

70. Defendants, by its policies and practices, including requiring HPNE to be in the stores, wearing and listening to their headsets and not being 100% fully and completely relieved of all work activities and work obligations, knew and should have known that Plaintiffs and all similarly situated HPNE are owed this meal break time back as compensable time, including overtime premiums whenever these deducted meal breaks results in the HPNE incurring more than 40 hours on the clock..

71. Employees were not given any real opportunity to report and claim these work activities while clocked out on meal breaks, such that the company policy is unlawful and in conflict with the FLSA, specifically the regulation codified at **29 CFR § 785.19 - Meal**.

72. During these meal breaks with their headsets on, Plaintiffs were engaged to wait, and thus should have been on the clock and paid for all this time. See § 785.14 General.

73. Further, the FLSA makes it clear that all time required to be on the premises and engaged to wait during meal breaks or waiting for others to relieve them is compensable time. See § 778.223 Pay for non-productive hours distinguished. (a) Under the Act an employee must be compensated for all hours worked. As a general rule the term "hours worked" will include: (1) All time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace, and, (2) All time during which an employee is suffered or permitted to work whether or not he is required to do so.

74. Pursuant to the FLSA law and its regulation a **<u>Bona Fide Meal Break</u>** is defined as: "a) <u>Bona fide meal periods. Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating</u>.:

75. More importantly here, where HPNE are forbidden from leaving the premises but still required to be on call, and listening on their headsets and required to respond as needed, the Defendants' meal break policies are unlawful and violate the FLSA because: when employees are not permitted to leave the premises, the employee must be completely freed from duties during the meal period, including inactive work.

76. Furthermore, the meal break times and any other times Plaintiffs were required to be on the premises waiting to work or unable to leave is compensable time according to: § 778.223 Pay for non-productive hours distinguished. (a) Under the Act an employee must be compensated for all hours worked. As a general rule the term "hours worked" will include: (1) All time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace; and (2) All time during which an employee is suffered or permitted to work whether or not he is required to do so.

77. Plaintiffs were instructed not to leave the premises during their breaks and to remain wearing the headsets and thus be not relieved of work, inactively working and on call and waiting to be engaged.

78.     Plaintiffs rarely had a non-working uninterrupted meal break, and no matter how much if any meal break they took, Defendants made sure their time records reflected a 30 minute meal break they knew was false and inaccurate.

79.     Plaintiff Burns and other HPNE employees routinely stayed after the ending shift times until relieved and this time was required to be off the clock, and if occurred during any week they worked 40 hours or more, is compensable overtime owed to them.

80.     Similarly, the times Plaintiff Bowden and all other HPNE were required to hop on a register or work while at the store and prior to clocking in are compensable time owed to them during any week they worked 40 or more hours.

81.     Defendants had a duty and obligation under the FLSA, and as per 29 CFR part 516, to contemporaneously track and record and maintain accurate work hours of hourly non-exempt employees, under any job titles; however, Defendants' actions of altering, editing, adding and subtracting times to their employees' time records violates the record keeping requirements under the FLSA and specifically 29 CFR part 516.

82.     Similarly, Defendants had a duty to investigate whether any HPNE was doing any work or engaged to wait during meal breaks.

83.     Defendants' actions and conduct complained of herein, including their unlawful policies and practices which constitute and permitted Plaintiffs and all other HPNE to suffer to work off the clock without being paid for all hours is a willful violation of the FLSA and its regulations.

84.     At any given time, managers and supervisors were aware that Plaintiffs and other HPNE were working and performing active or inactive work during meal breaks, engaged even on call, and also at other times were working off the clock.

Case 3:22-cv-00397-CEA-SKL   Document 1   Filed 11/09/22   Page 15 of 22   PageID #: 15

85. The Defendants intentionally created a work environment that was oppressive, laced with fear and intimidation against complaining about not being paid for all overtime hours, working while on meal breaks, and of not complaining of their paychecks reflecting less hours than they had clocked, as doing so would draw ire and scrutiny of management and risk termination of employment.

86. Both Plaintiffs here complained of time being unlawful and intentionally shaved and edited off their time records, and both Plaintiffs found themselves terminated shortly thereafter.

87. Plaintiff Burn's initial complaints of shaved and edited time were intentionally ignored, and swept under the rug by Defendants, and were rejected by Defendants' managers to cover up their unlawful actions, by arguing to Plaintiffs that they were simply wrong.

88. Defendants have willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiffs and the Putative Class, comprised of all current and former similarly situated HPNES a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

89. Defendants do not have a good faith basis for these described unlawful pay practices complained of herein, such that Burns and Bowden and each and every member of the putative class is entitled to be paid an equal sum in overtime wages owed at rates of one- and one-half times their respective regular rates of pay as liquidated damages. *See* Johnson v. Big Lots Stores, Inc., 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

90. By editing, shaving and altering time records of its HPNE, Defendants have unlawfully failed to keep, and preserve records with respect to each of its employees sufficient to

determine their wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 et. seq., including 29 USC Sec. 211(c) and 215 (a), and 29 CFR part 516.

91.     To summarize, Defendants have willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiffs, and the class of similarly situated persons:  a) Willfully instituting and maintaining a deficient, inaccurate time tracking system to the harm and detriment of and all other HPNE'S; b) maintaining an unlawful pay practice of deducting 30 minutes for meal breaks not taken and for not permitting plaintiffs to report hours worked during meal breaks, or alternatively by requirement HPNE to be engaged to wait during meal breaks; and c) by editing and shaving off overtime hours; and d) permitting HPNE to suffer to work off the clock.

92.     As a result of the prior FLSA Section 216b collective action lawsuit by *TONY*, settled in November 2018, Defendants were keenly aware of their history of violating the FLSA and stealing wages from their hourly paid, non-exempt employees, yet continued to maintain and permit these unlawful procedures, policies, and practices to continue to occur as to which deprived Plaintiffs and all other similarly situated  HPNE their overtime wages earned.

93.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Plaintiff Class, composed of all other present and former HPNE similarly situated, have suffered economic damages by Defendants' failure to pay overtime compensation in accordance with FLSA §207.

94.     Due to Defendants' willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

95.     As a result of Defendants' unlawful acts and pay practices described herein, Plaintiffs and the Putative Class of all other similarly situated have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts,

liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

## COUNT II
## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

96.     Plaintiffs adopt and reallege paragraphs 1 through Sixty-Six (66) as if fully set forth herein.

97.     Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

98.     However, and to the extent records are unavailable, Plaintiffs, and members of the putative Class, may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

99.     All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

100.    With respect to an employee subject to the FLSA provisions, the following records must be kept:

    a.    Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

    b.    Hour and day when work week begins;

    c.    Regular hourly pay rate for any week when overtime is worked;

    d.    Total hours worked each workday and each workweek;

    e.    Total daily or weekly straight-time earnings;

f.       Total overtime pay for the workweek;

g.       Deductions from or additions to wages;

h.       Total wages paid each pay period; and

i.       Date of payment and pay period covered

101.     Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. § 215(a)(5); *Also See,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

102.     Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See,* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

103.     An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

104.     Defendants have failed to accurately and contemporaneously record, track and report the Plaintiffs' and Class of similarly situated members, accurate time and work hours as required under the FLSA and the related DOL regulations.

105.     Defendants have failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§ 211, 216 and related laws.

106.    Defendants' records thus should be declared inadmissible, inaccurate and unreliable and Defendants should have the burden to prove the actual work hours of the Plaintiffs pursuant to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

**WHEREFORE,** Plaintiffs ASHLEY BURNS and NORMAJEAN BOWDEN, individually, and on behalf of all other similarly situated, past and present Inside Sales Representatives, seek the following the following relief:

a.    Designation of this action as a collective action.

b.    That Plaintiffs BURNS AND BOWDEN be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present HPNE employees who worked for Defendants at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c.    Designate Plaintiffs, BURNS AND BOWDEN as Representatives of the Collective Class for purposes of engaging in mediation, with the authority to execute any Collective Class settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding.

d.    That all past and present hourly paid, nonexempt employees (HPNE) be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

e.    That the Court find and declare Defendants in violation of the overtime compensation provisions of the FLSA;

f.     That the Court find and declare Defendants' violations of the FLSA were and are willful;

g.     That the Court enjoin Defendants, under 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to members of the Plaintiffs Class.

h.     That the Court award to Plaintiffs, BURNS AND BOWDEN and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

i.     That the Court award Plaintiffs BURNS, BOWDEN, and the Plaintiffs who opt into this action, recovery of their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

j.     That the Court award Plaintiffs, BURNS and BOWDEN a Class Representative service fee award for the justice they sought out for so many and their services in this case as representatives for the putative class.

k.     That the Court issue in order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendants unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendants from further violating the FLSA;

l.     Award Prejudgment and post-judgment interest, as provided by law: and;

m.     That the Court award any other legal and equitable relief as this Court may deem

appropriate, including the value of underpaid matching funds in company pension

or 401k plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 7th day of November 2022.

s/ Philip E. Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirm.com

*Attorneys for Plaintiffs*

*/s/Mitchell L. Feldman*
Mitchell L. Feldman, FL Bar No. 0080349
FELDMAN LEGAL GROUP
6916 West Linebaugh Avenue, Suite 101
Tampa, Florida 33625
Tele: (813) 639-9366
Fax: (813) 639-9376
Mfeldman@flandgatrialattorneys.com
Secondary: mail@feldmanlegal.us

*Attorney for Plaintiffs and the class of
similarly situated
*(Forthcoming Motion for Pro Hac Vice
Admission)*